*231 ORDER (Conditional Denial of Petition)
TODD R. MATHA, Chief Judge.
INTRODUCTION
This case concerns whether the parent, Janelle H. Hopinkah, can access monies on behalf of her minor children, C.E.H., DOB 07/13/91, T.R.H., DOB 12/19/92, and B.F.H., DOB 03/13/94, from the Children’s Trust Fund (hereinafter CTF) to pay for purchases of clothing, bedroom furniture and bedding, and satisfy unpaid medical bills. The Court must employ the standard enunciated in the Per Capita Distribution Ordinance (hereinafter Per Capita Ordinance), 2 HCC § 12.8c to assess the merit of the parent’s request. Regrettably, the Court must conditionally deny the request due to the extreme passage of time.
PROCEDURAL HISTORY
The petitioner, Janelle H. Hopinkah, initiated the current action by filing the October 7, 2002 Petition for Release of Per Capita Distribution (hereinafter Petition ). Consequently, the Court issued a Summons accompanied by the above-mentioned Petition on October 7, 2002, and served the documents upon the respondent’s representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ),[1] by personal service as permitted by HCN R. Civ. P. 5(C)(1). The Summons informed the respondent of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Cm P. 5(A)(2). The Summons also cautioned the respondent that a default judgment could result from failure to file within the prescribed time period.
The respondent, by and through DOJ Attorney Leslie Parker Cohan, filed a timely Answer on October 25, 2002, requesting that the petitioner submit further corroborative evidence and that the Court schedule a Fact-Finding Hearing. In response, the Court entered its October 28, 2002 Order (Requiring Submission of Documents). The petitioner provided additional documentation on December 5, 2002, and the Court accordingly mailed Notice(s) of Hearing to the parties on February 5, 2003.
The Notice(s) informed the parties of the date, time and location of the Fart-Finding Hearing. The Court convened the Fact-Finding Hearing on February 26, 2003 at 9:30 a.m. CST. The following parties appeared at the Hearing: Janelle *232 H. Hopinkah, petitioner, and DOJ Attorney Leslie Parker Cohan, respondent’s counsel. The Court required the petitioner to submit further documentation within thirty (30) days, and the petitioner complied with this requirement on March 25, 2003.[2] Fact-Finding Hr’g (LPER at 3, Feb. 20, 2003, 09:56:47 CST).
APPLICABLE LAW
PER CAPITA DISTRIBUTION ORDINANCE, 2 HCC § 12
Subsec. 8. Minors and Other Legal Incompetents.
c. Funds in the CTF of a minor or legally incompetent Member may be available for the benefit of a beneficiary’s health, education, and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement programs, and upon a finding of special need by the Ho-Chunk Nation Trial Court. In order to request such funds, the following provisions apply:
(1) A written request must be submitted to the Trial Court by the beneficiary’s parent or legal guardian detailing the purpose and needs for such funds.
(2) The parent or legal guardian shall maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed were expended as required by this Ordinance and any other applicable federal law.
(3) Any other standards, procedures, and conditions that may be subsequently adopted by the Legislature consistent with any applicable federal law shall be met.
IIO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
(2) Summons—The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
(C) Methods of Service of Process.
(1) Personal Service. The required papers are delivered to the party in person by the bailiff, or when authorized by the Court, a law enforcement officer from any jurisdiction, or any other person not a party to the action who is eighteen (18) years of age or older and of suitable discretion.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation Is named as a party, the Cora- *233 plaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law. Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend, or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in whieh to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(e)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
*234 Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
DECISION
The Court feels compelled to conditionally deny the October 7, 2002 Petition since the Court unfortunately failed to address the merits of the case for over two and a half (2½) years after submission for final decision. CTF requests are inherently time sensitive in nature since the Court must assess financial need under existing familial circumstances. Also, purported health and welfare necessities may alter over the course of time. Therefore, the Court shall deny the petitioner’s request, but extend the opportunity to the petitioner to revive or modify her request within twenty (20) days after the issuance of this decision by filing formal notice to the Court.[3]
The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure (hereinafter HCN R.App. P.), specifically [HCN R.App. P.], Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party a unit of government or enterprise.. HCN R. Civ. P. 27(B).

. The presiding judge extends his sincerest apologies to the parties for the failure of the Court to enter a more timely decision in this matter. Each trial judge maintains a duty to "dispose promptly of the business of the court.” HCN Rules of Judicial Ethics, § 4-1(E). Former Chief Judge William H. Boss-man utterly failed in this regard by not issuing a judgment prior to the expiration of his legislative appointment on July 1, 2005. In the interests of justice, the Court informs the parties of the availability of seeking mandamus relief from the Ho-Chunk Nation Supreme Court in order to compel action of a trial level judge. See In re: Casimir T. Ostrowski, SU 05-01 (HCN S.Ct., Feb. 21, 2005) (citing Constitution of the Ho-Chunk Nation. Art. VII, § 6(a))..

. The Court must receive the filing before 4:30 p.m. CST/CDT on the filing deadline. HCN R. Civ. P. 84. A Certificate of Service must accompany the filing. HCN R. Civ. P. 3(B). Parties may obtain a copy of die HCN R. Civ. P. by contacting the Court at (800) 434-4070 or (715) 284-2722 or by visiting the Judiciary’s website at www.ho-chunknation. com/government/eourts.htm.